UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| CASSANDRA POPPEN § § § | |
| VS. § § § | CIV. NO 5:16-CV-00810 |
| FLETCHER TRANSPORT, INC. AND § JASON O'NEAL § | |

### DEFENDANTS FLETCHER TRANSPORT, INC. AND JASON O'NEAL'S NOTICE OF REMOVAL

**TO THE HONORABLE JUDGE OF SAID COURT:**

Removing parties, Fletcher Transport, Inc. and Jason O'Neal, Defendants in the above-entitled cause, hereby remove Cause No. 2016CI10968 from the 285th District Court of Bexar County, Texas, to the United States District Court for Western District pursuant to 28 U.S.C. 1332, 1441, and 1446, and as grounds for its removal, would respectfully show the Court as follows:

1. Removing parties are Defendants in the above-entitled action.

2. On June 30, 2016, Plaintiff L. Cassandra Poppen filed her Original Petition and the above-entitled action was commenced against the removing parties in the 285th District Court of Bexar County, Texas, Cause No. 2016CI10968.

3. On July 14, 2016, the registered agent for service for Fletcher Transport, Inc. was served with a Citation and Plaintiff's Original Petition; this Notice is filed within thirty (30) days of that date and is hereby timely.

4. The above-entitled action is removable to federal court as this Court has original jurisdiction based on diversity jurisdiction.

5. As stated in Plaintiff's Original Petition, this lawsuit involves allegations of negligence against Jason O'Neal for failing to operate his vehicle in a reasonably prudent manner during the course and scope of his employment with Fletcher Transport, Inc. Pl.'s Orig. Pet., p. 3. Plaintiff alleges that Defendant Fletcher Transport, Inc., is vicariously liable for the negligence of employee, Jason O'Neal. Pl.'s Orig. Pet., p. 4. Plaintiff alleges significant damages that exceed the minimum amount in controversy for diversity jurisdiction.

### DIVERSITY JURISDICTION UNDER 28 U.S.C. § 1332(a)

6. This Court has jurisdiction over this matter under 28 U.S.C.§1332(a), because there is complete diversity of citizenship between Plaintiff and Defendants, and more than $75,000, exclusive of interest and costs, is at stake.

7. Plaintiff alleges in her Original Petition that she is a resident of the state of Texas. Pl.'s Orig. Pet., p. 1.

8. Defendant Fletcher Transport, Inc. is not a citizen of Texas; it is a corporation existing and organized under the laws of the State of Florida without any owner or member that is a citizen of Texas. *See* Pl.'s Orig. Pet., p. 2. Defendant Fletcher Transport, Inc.'s principal place of business and corporate headquarters is in Florida; specifically, Quincy, Gadsden County, Florida. Defendant Jason O'Neal is not a citizen of Texas. He is an individual resident of the State of Florida. Therefore, complete diversity exists between Plaintiff and Defendants in this action.

9. Plaintiff has requested damages in an unspecified amount for past and future medical expenses, past and future physical and mental pain and suffering, past and future mental anguish, past and future physical impairment, lost wages, and loss of earning capacity. Although no amount was specified in Plaintiff's Original Petition, Plaintiff's has alleged damage claims for past medical expenses, future medical expenses, lost wages, loss of future earning capacity, out-

of-pocket losses and all alleged non-economic damages. Plaintiff alleges that she has suffered actual damages that exceed the minimum jurisdiction of the 285th Judicial District Court of Bexar County, Texas.  Pl.'s Orig. Pet., p. 6.

10. Attached hereto as **Exhibit "A"** is Plaintiff's Original Petition, filed on June 30, 2016.  Also attached as **Exhibit "B"** is Defendant's Original Answer, filed on August 5, 2016.

### AMOUNT IN CONTROVERSY EXCEEDS $75,000.00

11. In the removal context, a defendant may make a showing that in either of two ways: (1) by demonstrating that it is "facially apparent" that the claims are likely above $75,000.00, or (2) "by setting forth the facts in controversy—preferably in the removal petition, but sometimes by affidavit—that support a finding of the requisite amount." *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999) (citing *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir.1995) (emphasis in original). In *Luckett*, the court found that even though the complaint did not state a specific amount, it was evident that damages were over the jurisdictional amount when recovery was sought for property damage, travel expenses, medical bills, pain and suffering and mental anguish.  *See Luckett,* 171 F.3d 295 at 298.  Here, Plaintiff seeks past and future medical expenses, past and future physical and mental pain and suffering, past and future mental anguish, past and future physical impairment, lost wages, and loss of earning capacity.  It is facially apparent from these allegations that Plaintiff's claims exceed $75,000.00.

12. Plaintiff has alleged that the collision at issue "occurred with tremendous force, proximately causing Plaintiff to suffer severe, excruciating and painful, debilitating injuries." Pl.'s Orig. Pet., p. 3.  Allegations of serious injuries following a truck accident can provide a sufficient basis for a court conclude that the amount in controversy exceeds the minimum amount for diversity jurisdiction.  *Luckett v. Delta Airlines, Inc.,* 171 F.3d 295, 298 (5th

Cir.1999); *Gebbia v. Wal-Mart Stores*, Inc. 233 F.3d 880, 881-882 (5th Cir. 2000).  Thus, all things considered, the amount in controversy in this suit is over $75,000.00, and the jurisdictional threshold under 28 U.S.C. 1332(a) is satisfied.

13. Plaintiff's Original Petition therefore presents a cause of action with diversity jurisdiction, and removal of this action to this Court is proper pursuant to 28 U.S.C. 1332(a).

Defendants Fletcher Transport, Inc. and Jason O'Neal respectfully request that the Parties and the 285th Judicial District Court of Bexar County take notice of the removal of this case to the United States District Court for the Western District of Texas, San Antonio Division.  Defendants request such other and further relief to which they may be entitled.

        Respectfully submitted,

        **CHAMBLEE, RYAN, KERSHAW & ANDERSON, P.C.**

By:  /s/ *Jeffrey W. Ryan*
    Jeffrey W. Ryan
    State Bar No. 17469600
    jryan@crka.law
    Christopher B. Wood
    State Bar No. 24056670
    cwood@crka.law

2777 Stemmons Freeway, Suite 1157
Dallas, Texas  75207
(214) 905-2003
(214) 905-1213 (Facsimile)

**ATTORNEY FOR DEFENDANTS**

## CERTIFICATE OF SERVICE

  I do hereby certify that on August 15, 2016 a true and correct copy of the above and foregoing document has been forwarded via e-service and/or via fax to Plaintiff's counsel of record:

Mr. Langdon Smith
Jim S. Adler & Associates
1900 West Loop South, 20th Floor
Houston, Texas  77027

               /s/ *Christopher B. Wood*
               Christopher B. Wood

EXHIBIT "A"

FILED
6/30/2016 2:52:39 PM
Donna Kay McKinney
Bexar County District Clerk
Accepted By: Michelle Garcia

W/JD RECEIVED

JUL 1 1 2016

GENERAL COUNSEL

CAUSE NO. **2016CI10968**

| | | |
|---|---|---|
| CASSANDRA POPPEN, | § | IN THE DISTRICT COURT OF |
| *Plaintiff,* | § | |
| V. | § | BEXAR COUNTY, TEXAS |
| FLETCHER TRANSPORT, INC. and JASON O'NEAL, | § | |
| *Defendants.* | § | 285 JUDICIAL DISTRICT |

### PLAINTIFF'S ORIGINAL PETITION, JURY DEMAND, REQUEST FOR DISCLOSURE, AND RULE 193.7 NOTICE

COMES NOW Cassandra Poppen ("Plaintiff") complaining of Defendants, Fletcher Transport, Inc. ("Defendant Fletcher Transport") and Jason O'Neal ("Defendant O'Neal"), and in support thereof shows the Court as follows:

#### I. DISCOVERY CONTROL PLAN

1.1  Pursuant to Texas Rule of Civil Procedure 190.4, the discovery of this case is to be conducted under Discovery Control Plan Level 3. Plaintiff affirmatively pleads that this suit is not governed by the expedited-actions process in Texas Rule of Civil Procedure 169 because Plaintiff seeks monetary relief over $100,000.

#### II. PARTIES

2.1  Plaintiff, Cassandra Poppen, is a resident of Texas. The last three digits of Plaintiff's Texas driver's license are 076. Plaintiff's last three digits of her Social Security number are 770.

2.2  Defendant, Fletcher Transport, Inc., is a foreign corporation existing under the laws of the State of Florida and does business in the State of Texas. Defendant, through its agents and/or employees, acting within the course and scope of its employment and in

1

furtherance of the business of Defendant, committed a tort in the State of Texas that is the basis of this action. Accordingly, service of process may be had on Defendant by serving: **Secretary of State, R.A. Gray Building, Tallahassee, FL 32301**, and forwarding such process to Fletcher Transport, Inc. by serving its registered agent: **Trudei Porter, 2875 Sycamore Rd., Quincy FL 32351**.

2.3   Defendant, Jason O'Neal, is an individual resident of the State of Florida who has been issued a Florida Driver License bearing number 0540432814570 and his last three digits of his social security number are unknown. This action arises out of an accident in which Jason O'Neal was involved while operating a motor vehicle in the State of Texas; therefore, service upon Defendant may be made pursuant to the Civil Practice and Remedies Code §§17.061-17.069. Process should be served on Defendant by serving **Ted Houghton, Chairman of the Texas Transportation Commission, at 125 E. 11th St., Austin, Texas, 78701-2483**, to be forwarded to Defendant's last known residence: **2915 Sycamore Rd., Quincy, FL 32351, or wherever he may be found**.

### III. JURISDICTION AND VENUE

3.1   The Court has jurisdiction over this Cause because Plaintiff's damages are within the jurisdictional limits of the Court.

3.2   Pursuant to Sections 15.001 and 15.002(a)(1) of the Texas Civil Practice and Remedies Code, this venue is proper because all, or a substantial part of, the events or omissions giving rise to the claim occurred in Bexar County, Texas. The venue is also proper because it best serves the convenience of the parties and witnesses, as well as the interests of justice.

3.3   Plaintiff has satisfied all conditions precedent to bringing this lawsuit.

3.4   Nothing Plaintiff did or did not do caused or contributed to this occurrence.

## IV. Facts

4.1    On or about September 23, 2015, Plaintiff was operating a 1991 white Honda and Defendant O'Neal was operating a 2000 Freightliner owned by Fletcher Transport, Inc. Plaintiff and Defendant O'Neal were traveling southbound on the SE Loop 410. Defendant O'Neal was traveling behind Plaintiff's vehicle. Traffic was backing up and several cars had to stop in front of Plaintiff. As a result, Defendant O'Neal failed to stop causing a collision with Plaintiff's vehicle.

4.2    The collision occurred with tremendous force, proximately causing Plaintiff to suffer severe, excruciating, and painful debilitating injuries.

## V. Negligence of Jason O'Neal

5.1    The incident made the basis of this lawsuit resulted from the improper conduct of Defendant O'Neal. His conduct constitutes negligence and/or negligence *per se* as those terms are understood in law, and such negligent conduct was a proximate cause of the occurrence, injuries, and damages made the basis of this suit.

5.2    Defendant O'Neal had a duty to exercise ordinary care and to operate his tractor/trailer in a reasonable and prudent manner. Defendant breached his duty of care. His negligent actions and/or omissions include, but are not limited to, one or more of the following non-exclusive particulars:

   a.    failing to stop;

   b.    failing to maintain proper control of the tractor/trailer he was driving;

   c.    failing to keep a proper lookout;

   d.    failing to apply the brakes properly and/or timely in violation of Texas Transportation Code §547.408)(a)(3);

   e.    failing to operate the tractor/trailer in a safe manner given the circumstances;

3

  f. failing to control the operation of his tractor/trailer;

  g. failing to pay attention;

  h. failing to operate the tractor/trailer as a person of ordinary prudence would have in the same or similar circumstance; and/or

  i. other acts of negligence.

One, some, or all of the foregoing acts and/or omissions or others on the part of Defendant constituted negligence. Such negligence was a proximate cause of Plaintiff's injuries and damages.

## VI. RESPONDEAT SUPERIOR

6.1 The collision made the basis of this lawsuit resulted from the negligent conduct of Defendant O'Neal. Defendant, Fletcher Transport, was the owner of the tractor/trailer driven by Defendant O'Neal. At all times material to this lawsuit, Defendant O'Neal was an employee of Defendant Fletcher Transport and was acting within the course and scope of his employment. Consequently, Defendant Fletcher Transport is vicariously liable to Plaintiff for the negligent conduct of Defendant O'Neal under the theory of *respondeat superior*.

## VII. NEGLIGENCE OF FLETCHER TRANSPORT, INC.

7.1 The conduct of Defendant constitutes negligence and negligence *per se* as that term is known in the law. Such negligent acts or omission include, but are not limited to, the following:

  a. allowing O'Neal to operate its tractor/trailer even though it knew or should have known he was a reckless or incompetent driver;

  b. entrusting a tractor/trailer to O'Neal even though it knew or should have known he was a reckless or incompetent driver;

  c. failing to properly train O'Neal in the safe operation of a tractor/trailer;

4

    d.    failing to properly supervise O'Neal's driving activities;

    e.    failing to properly maintain the vehicle in a safe operational condition;

    f.    failing to maintain the vehicle to the minimal standard of safety;

    g.    failing to establish and enforce safety rules and regulations;

    h.    failing to properly educate, instruct and supervise in the performance of his duties;

    i.    failing to adequately train, educate, or provide instructions and orders to persons;

    j.    failing to provide proper safety manuals and instructions to employees responsible for safety;

    k.    failing to enforce and ensure compliance of established safety and operational rules and regulations for persons operating its equipment; and/ or

    l.    other acts of negligence.

One, some, or all of the foregoing acts and/or omissions or others on the part of Defendants constituted negligence. Such negligence was a proximate cause of Plaintiff's injuries and damages.

## VIII. DAMAGES

8.1    As a result of the incident made the basis of this lawsuit as described in the preceding paragraphs and the negligence of Defendants, Plaintiff sustained significant injuries and damages in the past and will in reasonable probability sustain additional damages in the future.

8.2    Consequently, Plaintiff respectfully requests that the trier of fact determine the amount of damages and losses that she has incurred in the past and that she will reasonably incur in the future, as well as the monetary value of these damages, which include, but are not limited to, the following:

    a.    past, present, and future physical pain and mental anguish;

    b.    past, present, and future loss of earning capacity;

    c.    past, present, and future disfigurement;

    d.    past, present, and future physical impairment;

    e.    past, present, and future medical care and related expenses; and

    f.    past, present, and future out-of-pocket economic losses.

8.3   Because of all of the above and foregoing, Plaintiff has suffered actual damages in excess of the minimum jurisdictional limits of the Court for which damages Plaintiff now brings suit.

8.4   Plaintiff seeks both prejudgment and post-judgment interest as allowed by law, all costs of Court, and all other relief, both general and special, at law and in equity, to which he may be justly entitled.

## IX. JURY DEMAND

9.1   Pursuant to Texas Rule of Civil Procedure 216, Plaintiff respectfully requests and demands a trial by jury.

## X. REQUEST FOR DISCLOSURE

10.1   Pursuant to Texas Rule of Civil Procedure 194, Plaintiff hereby requests that Defendants disclose the information or material described in Texas Rule of Civil Procedure 194.2(a)–(l). Defendants must serve unto Plaintiff written responses to these requests for disclosure on or before fifty (50) days after the service of these requests. Failure to timely respond will constitute an abuse of the discovery process as described in Texas Rule of Civil Procedure 215.

## XI. RULE 193.7 NOTICE

11.1 Pursuant to Texas Rule of Civil Procedure 193.7, Plaintiff hereby gives actual notice to Defendants that any and all documents produced may be used against Defendants at any pretrial proceeding and/or at the trial of this matter without the necessity of authenticating the documents.

### CONCLUSION AND PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that Defendants be cited in terms of law to appear and answer herein, and that upon final trial and hearing hereof, Plaintiff recover against Defendants damages in accordance with the evidence, costs of Court herein expended, interest to which Plaintiff are justly entitled under the law, and any and all further relief, both general and special, at law and in equity, to which Plaintiff may be justly entitled.

Respectfully submitted,

JIM S. ADLER & ASSOCIATES

By: _____
Langdon Smith
Texas Bar No.: 00797456
lsmith@jimadler.com
Michael Gomez
Texas Bar No.: 24029578
mgomez@jimadler.com
1900 West Loop South, 20th Floor
Houston, Texas 77027
T: (713) 735-2114
F: (713) 781-2514

**ATTORNEYS FOR PLAINTIFF**

EXHIBIT "B"

FILED
8/5/2016 9:55:27 AM
Donna Kay McKinney
Bexar County District Clerk
Accepted By: Debra Cantu

Case 5:16-cv-00810-OLG   Document 1   Filed 08/15/16   Page 15 of 16

CAUSE NO. 2016CI10968

| | | |
|---|---|---|
| CASSANDRA POPPEN | § | IN THE DISTRICT COURT OF |
| | § | |
| VS. | § | BEXAR COUNTY, TEXAS |
| | § | |
| FLETCHER TRANSPORT, INC. AND JASON O'NEAL | § | 285TH JUDICIAL DISTRICT |

## DEFENDANTS FLETCHER TRANSPORT, INC. AND JASON O'NEAL'S ORIGINAL ANSWER TO PLAINTIFF'S ORIGINAL PETITION

**TO THE HONORABLE JUDGE OF SAID COURT:**

**COMES NOW**, Fletcher Transport, Inc. and Jason O'Neal, Defendants in the above-styled and numbered cause, and file this, their Original Answer to Plaintiff's Original Petition, and would respectfully show the Court the following:

### I.

### GENERAL DENIAL

Defendants generally deny each and every, all and singular, the material allegations contained in the Plaintiff's Original Petition and, being allegations of fact, demands that the Plaintiff be required to prove such allegations by a preponderance of the evidence if the Plaintiff can so do.

### II.

Defendants request Level 3 Discovery Plan.

**WHEREFORE, PREMISES CONSIDERED,** Defendants pray that Plaintiff takes nothing by this suit; and that Defendants goes hence without delay and recover all costs

expended in Defendants' behalf. Praying further, Defendants pray for such other and further relief, either at law or in equity, to which Defendants may be justly entitled.

                    Respectfully submitted,

                    **CHAMBLEE, RYAN, KERSHAW & ANDERSON, P.C.**

By:   /s/ *Jeffrey W. Ryan*
        Jeffrey W. Ryan
        State Bar No. 17469600
        jryan@crka.law
        Christopher B. Wood
        State Bar No. 24056670
        cwood@crka.law

2777 Stemmons Freeway, Suite 1157
Dallas, Texas 75207
(214) 905-2003
(214) 905-1213 (Facsimile)

**ATTORNEY FOR DEFENDANTS**
**Fletcher Transport, Inc. and Jason O'Neal**

### CERTIFICATE OF SERVICE

I do hereby certify that on August 5, 2016 a true and correct copy of the above and foregoing document has been forwarded via e-service and/or via fax to Plaintiff's counsel of record:

Mr. Langdon Smith
Jim S. Adler & Associates
1900 West Loop South, 20th Floor
Houston, Texas 77027

                    /s/ *Christopher B. Wood*
                    Christopher B. Wood